*1032 OPINION.
Milliken:
The controlling question to be decided in this proceeding is whether petitioner is an association taxable pursuant to section 2 (2) of the Revenue Act of 1921, as a corporation. “Association, ” as specified in the statute, supra, was defined in Hecht v. Malley, 265 U. S. 144, as follows:
*1033 The word “ association ” appears to be used in the Act in its ordinary meaning. It has been defined as a term “ used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.” 1 Abb. Law Dict. 101 (1879) ; 1 Bouv. Law Dict. (Kawle’s 3d Rev.) 269; 3 Am. & Eng. Enc. Law (2 Ed.) 162; and Allen v. Stevens, 33 App. Div 485, 54 N. Y. Supp. 8, 23, in which this definition was cited with approval as being'in accord with the common understanding. Other definitions are:
“ In the United States, as distinguished from a corporation, a body of persons organized, for the prosecution of some purpose, without a charter, but having the general form and mode of procedure of a corporation. ” Webst. New Internat. Diet.
“ [U. S.) An organized but unchartered body analogous to but distinguished from a corporation. ” Pract. Stand. Diet.
At the outset it is well to point out that the Revenue Act of 1921 contains provisions for the taxation of both trusts and associations and thus recognizes such entities as subject to the separate methods of taxation. It is our duty to determine within which class petitioner shall fall. Did petitioner possess the characteristics of a trust or those of an association, as above defined? The question presented is whether petitioner bore more resemblance to the one class than to the other and, if so, to which class. Petitioner possessed every characteristic of a trust cognizable and enforceable by a court of equity. There was present a corpus, the separation of the equitable and legal titles, trustees and beneficiaries. While all this is true, yet it was an association within the meaning of the Act, if it was voluntarily organized to transact business under corporate forms and did so transact business. E. A. Landreth Co., 11 B. T. A. 1; Durfree Mineral Co., 1 B. T. A. 231. Was petitioner so organized and did it so transact business? To put it otherwise, what was there, if anything, in its organization and operation which would classify it as an association rather than a trust. We can perceive that it possessed only two elements, if that many, which it had in common with a corporation. First, it issued “ units ” which were similar to shares of stock issued by a corporation but this standing alone would not necessarily convert it into a corporation. Myers, Long & Co., 14 B. T. A. 460.
With reference to'the second element, that is, whether petitioner was organized to transact or carry on trade or business, or did so, the record discloses that certain persons were the owners of an oil and gas lease which was about to lapse, that they deemed it good business policy to ascertain the value of the lease by drilling one well and if it was ascertained that oil existed, to forthwith sell the proven lease, otherwise to permit the lease to lapse by operation of time. For this purpose, money was needed and it was determined to raise the same by issuing “ units ” which gave their owners an *1034 interest in the undertaking. It thus appears that the sole purpose of the trust was to raise money sufficient to drill one well, ascertain the possible value of the property and then sell it and distribute the proceeds. The purpose for which petitioner was organized was accomplished in the short taxable period before us. The things were done that were planned to be done. The money raised was placed in the hands of the trustees for a single purpose and not for the purpose of obtaining gain from a repetition of investments or business undertakings. As soon as money was received by the trustees, if even from the sale of assets, it was not retained or kept in a business but immediately distributed to the “ unit ” holders.
The petitioner was not organized for the purpose of “ continued efforts in the pursuit of profit or _ gain and such activities as are essential to those purposes,” (Von Baumbach v. Sargent Land Co., 242 U. S. 503), but rather to advantageously dispose of property already owned by securing additional funds and thus to wind up a business undertaking. Gonzolus Creek Oil Co., 12 B. T. A. 310, and White v. Hornblower, 27 Fed. (2d) 777. The fact that as a trust it engaged in the limited and restricted business necessary to accomplish such a purpose would not convert it from a trust into an association. Wilson Syndicate Trust, 14 B. T. A. 508.
We recur to the query of what resemblance petitioner bore to a trust and what resemblance it bore to a corporation. A question which has troubled the Board is whether the absence of control of the trustees by the shareholders converts what would otherwise be an association into a trust. This question we decided in the negative in E. A. Landreth, supra, a proceeding which involved an entity which possessed every attribute of a corporation except, as was there contended, the power of the shareholders to control the trustees. We there held that what was otherwise clearly an association was not converted into a trust by reason of the absence of such control. While this is true of what otherwise would clearly be an association, we should not forget that it is the usual custom for stockholders of a corporation to meet at stated intervals and elect directors for stated terms and thus to a certain extent exert control over corporate affairs. The absence of such control is assuredly an element which should be taken into consideration. Here the shareholders could exert no control whatever over the trustees, who were self perpetuating. In this respect petitioner more closely resembled a trust than an association.
Further, the declaration of trust provided:
The Trustees herein shall have power and authority and it will be their duty to collect all rents, royalties and revenues from the Trust Estate, os well as the proceeds from any sale of the Trust Property, and distribute same among the unit holders in proportion of their respective interests. (Italics supplied.)
*1035 In thus providing for the distribution of the corpus, when and as often as any part of it was converted into money, petitioner was unlike an ordinary business corporation which has a capital stock either paid in or subscribed, which is owned by the corporation and which, upon insolvency or dissolution, becomes a trust fund for the payment of its obligations. It was unlike an ordinary business corporation which pays dividends only out of net earnings and usually distributes its capital only upon liquidation, partial or final. Here again petitioner resembles a trust rather than an association. See Baldwin v. Miller & Lux, 152 Calif. 454; 92 Pac. 1030.
Taking into consideration all the facts of the record and particularly that petitioner was organized for a very limited purpose; that it transacted its affairs only for the accomplishment of such purpose ; that it wound up its affairs within a few months after the date of its organization and distributed the entire proceeds to its shareholders; the absence of corporate form and method, and the fact that it bears a much closer resemblance to a trust than to an association, we are of opinion that respondent was in error in taxing petitioner as an association. Having reached this conclusion, it is unnecessary to discuss or decide the question of whether petitioner is entitled to the benefits of section 104 of the Revenue Act of 1928.
Reviewed by the Board.

Judgment will he entered for the petitioner.

ÁRttndell concurs in the result.